IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-592-FL

| | | |
|---|---|---|
| HEATHER L. SULLIVAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KIGHT'S MEDICAL CORP., and | ) | |
| JOHN A. KIGHT | ) | |
| | ) | |
| Defendants. | ) | |

On October 12, 2012, defendants filed a motion to dismiss for failure to state a claim and answer to plaintiff's complaint (DE #12). Although the defendants had been cautioned by order of the Clerk of Court on October 5, 2012, in granting extension of time to file answer, that it is "well recognized that a corporation can appear only through a licensed attorney and therefore cannot appear *pro se*," and that any further attempts by defendant Kight's Medical Corp. to proceed *pro se* "may result in the filing being stricken by the court," defendant Kight Medical Corp. did not file its motion to dismiss through counsel. Defendants now move the court to consider defendant John A. Kight's pleadings as the pleadings for Kight's Medical Corp. (DE #13).

Under 28 U.S.C. § 1654, "parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. The right to conduct a case personally, however, does not extend to corporations, partnerships, or associations in federal court. "[A] corporation may appear in the federal courts only through licensed counsel." Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993); see RZS Holdings AVV v. PDVSA Petroleo S.A., 506 F.3d 350, 354 n.3 (4th Cir. 2007).

Kight's Medical Corp is a business entity and may not appear without counsel. Although defendant John A. Kight notes that he is CEO and President of Kight's Medical Corp., and allowing him to plead on behalf of the corporation will save legal expenses, the rule against corporate appearance in federal court without counsel permits no exception for such circumstances. See id.; see also Microsoft Corp. v. Computer Serv. & Repair, Inc., 312 F.Supp.2d 779, 782 (E.D.N.C.2004) (striking a corporation's pleadings where they were signed by the corporation's president but not by an attorney).

Thus, the motion to dismiss on behalf of Kight's Medical Corp. is DENIED. Notwithstanding the foregoing, Kight's Medical Corp. has until November 13, 2012, to retain counsel, have counsel file a notice of appearance, and respond to plaintiff's complaint.

SO ORDERED, this 24th day of October, 2012.

_____
LOUISE W. FLANAGAN
UNITED STATES DISTRICT JUDGE