IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-00592-FL

| | |
|---|---|
| HEATHER L. SULLIVAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| KIGHT'S MEDICAL CORP. and ) | |
| JOHN A. KIGHT, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the motion of Defendant John A. Kight ("Kight" or "Defendant") to dismiss the complaint of Plaintiff Heather L. Sullivan ("Plaintiff") for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [DE-22]. Plaintiff responded to Defendant's motion to dismiss [DE-28], and Defendant filed a reply [DE-29]. Accordingly, the pending motion is ripe for adjudication. The parties have not consented to the jurisdiction of the magistrate judge; therefore, the motion is considered here as a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Local Civil Rule 72.3(c). For reasons set forth below, it is recommended that Defendant's motion to dismiss be denied.

## I. BACKGROUND

Plaintiff initiated this action on September 4, 2012, by filing a complaint [DE-1] alleging claims pursuant to the Americans With Disabilities Act ("ADA"), 42. U.S.C. §§ 12101 *et seq.*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.1 *et seq.*, the North Carolina Controlled Substance

Examination Regulation Act ("NCCSERA"), N.C. Gen. Stat. §§ 95-230 *et seq.*, and the common law and public policy of North Carolina. On October 2, 2012, Kight, attempting to proceed *pro se* on behalf of himself and Defendant Kight's Medical Corp. ("KMC" or "Corporation"), filed a motion for extension of time to respond to the complaint. [DE-8]. On October 5, 2012, the Clerk of Court granted the extension, but cautioned that a corporation can appear only through licensed counsel. [DE-9]. On October 12, 2012, Kight, still attempting to proceed *pro se* on behalf of himself and the Corporation, filed an answer and motion to dismiss. [DE-10]. On October 15, 2012, Kight filed a motion for the court to consider Kight's pleadings as the pleadings for the Corporation [DE-13], which was denied [DE-14].

On November 7, 8, and 14, 2012, counsel entered notices of appearance on behalf of all Defendants [DE-15, 18-20], and a motion for extension of time for the Corporation to file an answer [DE-16] was also filed and granted by text order on November 8, 2012. On November 16, 2012, the court *sua sponte* directed Kight to file a renewed motion to dismiss, if any, or other responsive pleading. [DE-21]. On November 30, 2012, Kight filed the instant motion to dismiss all claims brought against him by Plaintiff [DE-22], and the Corporation filed an answer to the complaint [DE-24]. On January 11, 2013, after receiving an extension of time [DE-26], Plaintiff filed a response [DE-28], and on January 25, 2013, Kight filed a reply [DE-29]. On April 26, 2013, the court entered a consent order of dismissal with prejudice,[1] dismissing the claims against Kight individually for wrongful discharge and retaliation pursuant to the ADA and for wrongful discharge in violation of

---

[1] The consent order of dismissal, which was proposed by the parties [DE-35], concludes that "Plaintiff's First Cause of Action, Second Cause of Action, and Third Cause of Action as against Defendant Kight individually are hereby dismissed **with prejudice**." Apr. 26, 2013 Consent Order [DE-36]. However, it appears the parties' intent was to dismiss the Fifth Cause of Action (wrongful discharge in violation of public policy) and not the Third Cause of Action (violation of the FLSA). *See id.* ("WHEREAS, Plaintiff does not consent to dismissal of her Third Cause of Action for violation of the FLSA or her Fourth Cause of Action for Violation of the NCWHA . . . .").

2

public policy. Accordingly, remaining for consideration on the motion to dismiss are Plaintiff's claims pursuant to the FLSA and NCWHA against Kight individually.

The facts relevant to Plaintiff's FLSA and NCWHA claims, taken as true for purposes of deciding the motion to dismiss, are as follows. KMC is in the business of selling durable medical equipment ("DME") for home health care, and Kight has been the President of KMC since 2005. Compl. [DE-1] ¶¶ 4, 13. Kight determined the rate and method by which wages were paid to Plaintiff and other KMC employees and directed, controlled, and supervised the daily operations of KMC, including the work performed by Plaintiff and other KMC employees. *Id.* ¶ 9.

Plaintiff began working for KMC on February 18, 2010, as a sales representative, earning $25,000.00 per year plus commission. *Id.* ¶ 15. Plaintiff marketed KMC's products to health care providers for referral to their patients using DME. *Id.* ¶ 16. Commission payments were calculated in accordance with KMC's "Results Based Incentive Program," under which commissions on sales were considered earned when KMC received payment for the equipment sold. *Id.* ¶ 27. KMC paid commissions monthly based on the amounts the company received as payment on qualifying sales that month. *Id.* Plaintiff could check KMC computer records to see the amount of sales made, but did not have access to any information about what amounts had been billed or paid and, thus, could not verify that her commissions were calculated or paid correctly. *Id.* ¶¶ 29, 30.

Beginning in June 2010, Plaintiff's monthly sales totals were the highest in the company, consistently two to three times higher than the sales of other KMC sales representatives, with gross sales during her employment with KMC totaling almost $1 million. *Id.* ¶ 26. Plaintiff's monthly commission payments were typically less than $1,000.00, which Plaintiff believed was low in light of the volume of her sales, and KMC did not provide Plaintiff with a statement detailing the

3

calculation of her commission, *e.g.,* amounts received by the company or the sales to which they were attributable, even after she requested the information on more than one occasion. *Id.* ¶¶ 28, 31.

In August 2010, KMC asked Plaintiff to take on the role of "Nebulizer Delivery Tech" in addition to her regular sales representative duties. *Id.* ¶ 17. Prior to this time, the Nebulizer Delivery Tech was an hourly, non-sales employee. *Id.* Plaintiff estimates that she spent 25 to 35 percent of her working time during this period on sales duties, and the remainder of time on Nebulizer Delivery Tech duties, consistently working more than 40 hours per week. *Id.* ¶ 19. In February 2011, KMC asked Plaintiff to fill in as the Durable Medical Equipment Liaison ("DME Liaison") at Durham Regional Hospital, which was previously an hourly position. *Id.* ¶ 21. The DME Liaison duties, in addition to the sales representative and Nebulizer Delivery Tech duties, required Plaintiff to devote further additional hours to work, regularly in excess of 50 hours per week during this period. *Id.* ¶ 23. Plaintiff performed the DME Liaison duties until August 2011, when KMC hired an hourly employer to take over those duties, and continued performing the sales representative and Nebulizer Delivery Tech duties until her employment was terminated on November 11, 2011. *Id.* ¶¶ 20, 24, 55.

## II. STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231,

4

243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship.*, 213 F.3d 175, 180 (4th Cir. 2000).

### III. DISCUSSION

Defendant contends that Plaintiff has failed to sufficiently plead claims pursuant to the FLSA and NCWHA, such that Defendant may not be held individually liable for those claims. Def.'s Mem. [DE-23] at 5. Plaintiff responds that the factual allegations in the complaint are sufficient to establish Defendant's individual liability pursuant to the FLSA and NCWHA. Pl.'s Br. [DE-28] at 3-10.

5

The FLSA and NCWHA both provide for the recovery of an employee's unpaid wages from the "employer." *See* 29 U.S.C. § 216(b); N.C. Gen. Stat. § 95-25.22(a). An "employer," for purposes of the FLSA and NCWHA, includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." N.C. Gen. Stat. § 95-25.2(5); *see also* 29 U.S.C. § 203(d). "In interpreting the NCWHA, North Carolina courts look to the FLSA for guidance." *Garcia v. Frog Island Seafood, Inc.*, 644 F. Supp. 2d 696, 707 (E.D.N.C. 2009) (citing *Laborers' Int. Union of North America v. Case Farms, Inc.*, 127 N.C. App. 312, 314, 488 S.E.2d 632, 634 (1997) (noting the NCWHA is modeled after the FLSA and relying on federal caselaw interpretation of "employee")).

"Described as 'expansive' by the Supreme Court, *see Falk v. Brennan*, 414 U.S. 190, 195, 94 S. Ct. 427, 38 L. Ed. 2d 406 (1973), the term 'employer' is 'to be construed liberally because by it Congress intended to protect the country's workers.'" *Frog Island*, 644 F. Supp. 2d at 720 (quoting *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971 (5th Cir. 1984)). The term "person" includes an "individual," as well as commercial entities such as corporations. *See* 29 U.S.C. § 203(a); N.C. Gen. Stat. § 95-25.2(11). "Accordingly, it is well established that, under certain conditions, individuals may be subjected to liability for unpaid wages under the FLSA [and NCWHA]." *Frog Island*, 644 F. Supp. 2d at 720, n.28 (citing *Brock v. Hamad*, 867 F.2d 804, 808 n.6 (4th Cir. 1989); *Miller v. Colorcraft Printing Co.*, No. 3:03-cv-51–T, 2003 WL 22717592, at *4 (W.D.N.C. Oct. 16, 2003)).

To determine whether an individual is an "employer" and, thus, subject to liability under the FLSA and NCWHA, courts apply an "economic reality" test, which examines "the totality of the circumstances to determine whether the individual has sufficient operational control over the workers in question and the allegedly violative actions to be held liable for unpaid wages or other

6

damages." *Id.* (citing *Miller*, 2003 WL 22717592, at *3). "Factors commonly relied on by courts in determining the extent of an individual's operational control over employees include whether the individual: (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *Id.* at 721 (citations omitted). "These factors are not exclusive nor is any one factor dispositive." *Id.* (citation omitted).

Plaintiff alleges in her complaint that Kight "acted directly or indirectly in the interest of an employer in relation to the employees at KMC, including, but not limited to, [Plaintiff], and was therefore an employer within the meaning of 29 U.S.C. § 203(d)." Compl. ¶ 7. In support of the allegation that Kight is an "employer" for purposes of the FLSA and NCWHA, Plaintiff further alleges that Kight was President of KMC and "had and exercised the authority to determine the rate and method of payment of wages and commissions to KMC employees, including [Plaintiff], as well as the authority to direct, control and supervise the day-to-day business affairs of KMC and the work performed by employees for KMC, including [Plaintiff]." *Id.* ¶¶ 4, 9.

While Defendant contends that Plaintiff did not discuss the economic reality test in her complaint, the facts alleged therein are relevant to the second and third factors–whether the individual "supervised and controlled employee work schedules or conditions of employment," or "determined the rate and method of payment"–considered in determining the extent of the individual's operational control over employees. *Frog Island*, 644 F. Supp. 2d at 721; *see also United States Dep't of Labor v. Cole Enters., Inc.*, 62 F.3d 775, 778 (6th Cir. 1995) (finding individual defendant liable under the FLSA where he was president, was engaged in running the business, issued checks, and determined employment practices); *Patel v. Wargo*, 803 F.2d 632, 638

7

(11th Cir. 1986) (explaining an officer is personally liable if involved in day-to-day operations or has some direct responsibility for the supervision of the employee). Moreover, Plaintiff's allegations that the employee who handled human resource matters, Dina Longo, consulted with Kight regarding what steps Plaintiff was required to take in order to remain employed with KMC further supports that Kight exercised significant operational control at KMC. Compl. ¶¶ 38, 41, 44-45. Plaintiff has asserted factual support beyond mere conclusory allegations, as required by *Twombly*, 550 U.S. at 555, and *Iqbal*, 556 U.S. at 679, sufficient to state a plausible claim for individual liability against Kight pursuant to the FLSA and NCWHA. Accordingly, it is recommended that Defendant's motion to dismiss be denied.

## IV. CONCLUSION

For the reasons stated above, it is RECOMMENDED that Defendant's motion to dismiss be DENIED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

Submitted, the 7 day of August 2013.

Robert B. Jones, Jr.
United States Magistrate Judge