IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:12-CV-592-FL

HEATHER SULLIVAN, )
)
Plaintiff, )
)
v. ) **JOINT PROTECTIVE ORDER**
)
KIGHT'S MEDICAL CORP. and JOHN A. )
KIGHT, )
)
Defendants. )
)

This case is before the Court for entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. This Court believes that entry of this Joint Protective Order is in the interest of all Parties and in the fair and efficient administration of justice. Specifically, the Court finds that discovery in this matter may include certain proprietary and business records of Defendant Kight's Medical Corp. and certain medical records of Plaintiff Heather Sullivan that are entitled to confidentiality. Therefore, until further order of this Court, it is hereby ordered that the Parties follow the procedures set forth below with respect to information, documents, testimony, and tangible things produced or otherwise disclosed in this action:

1. The following definitions will apply in this Joint Protective Order:

a. "CONFIDENTIAL" refers to any facts, opinions, documents, testimony, or tangible things ("information") furnished in the course of litigation that reflect or relate to proprietary data; trade secrets; personal financial or medical information; personal information concerning persons not a party to this action; other commercially valuable or sensitive information; and any other sensitive information designated in good faith by the producing party

as CONFIDENTIAL pursuant to the procedures set forth below. "Protected Health Information," as that term is understood and defined by The Health Insurance Portability and Accountability Act of 1996, and as amended, 45 CFR Parts 160 and 164, Subparts A and E, and specifically, the HIPAA Privacy Rule ("HIPAA"), is CONFIDENTIAL, with or without designation. CONFIDENTIAL may also refer to information a Party obtains from a third party via subpoena, deposition, or other discovery. The term "document" should be broadly construed to include information recorded in any form, including but not limited to hard copy, electronically-stored, and audio or video recording.

    2.    The Parties should designate information as CONFIDENTIAL as follows:

        a.    In the case of documents or tangible things produced by a Party, including the facts or opinions contained therein, the Party should so designate by placing upon each page of the document or upon each tangible thing an inscription or stamp reading "CONFIDENTIAL."

        b.    In the case of initial disclosure and responses to interrogatories and requests for admission, including the facts and opinions contained therein, the Party should so designate by placing an inscription or stamp reading "CONFIDENTIAL" with each response or portion of each response containing such information. A Party may designate any portion of its initial disclosure as CONFIDENTIAL by doing so in writing within thirty (30) days of the entry of this Order by the Court.

        c.    In the case of deposition testimony, counsel may designate on the record those portions of a particular deposition that counsel believes contain CONFIDENTIAL information. If a Party makes such a designation, the portions of said deposition containing CONFIDENTIAL information will be taken with no one present except those persons with

authorized access to such information pursuant to the terms of this Protective Order. A witness whose deposition is being taken may see a document designated as CONFIDENTIAL if the witness is within the category of persons authorized to see that type of information, pursuant to the provisions in subsections 3(a)–(b) below. Each Party will have thirty (30) days after the receipt of the transcript of a particular deposition to inform other Parties to this action that it is designating certain portions of the transcript (by specific page and line reference) as CONFIDENTIAL. Unless otherwise agreed by counsel, any Party failing to make such a designation within the thirty-day period waives the right to do so. Prior to the expiration of the thirty-day period, the entire deposition transcript is to be considered CONFIDENTIAL information.

    d.  The Parties agree to designate information as CONFIDENTIAL on a good-faith basis, and not for the purpose of harassing the other Parties or unnecessarily restricting their access to information concerning this lawsuit or increasing time and costs.

    e.  Except as permitted by further order of this Court or by subsequent written agreement of the Parties, information designated as CONFIDENTIAL is to be received by counsel of record under the terms and conditions of this Protective Order.

    3.  The following restrictions apply to information designated as CONFIDENTIAL:

    a.  Information designated as CONFIDENTIAL, including, but not limited to, Protected Health Information, shall be used solely for the prosecution or defense of this action, and not for any other purpose.

    b.  Disclosure of information designated as CONFIDENTIAL, including summaries thereof, is limited to the Court; the Parties' counsel of record and employees of such counsel who are assisting with this matter; the Parties' officers, directors, and employees

3

involved in the prosecution or defense of this action; and to the following persons, all of whom must first execute a written Declaration, using the forms attached to this Protective Order as Exhibits A and B, as appropriate:

    i.    Consultants or experts retained by the Parties to consult or testify in this case, but only to the extent that disclosure of the CONFIDENTIAL information is necessary for the consultation work or trial preparation;

    ii.    Court reporters and videographers of sworn proceedings in which CONFIDENTIAL information is disclosed;

    iii.    Services retained by counsel to photocopy or image documents or to prepare charts, summaries, timelines, illustrations, or other demonstrative materials for use in this action;

    iv.    E-discovery vendors or consultants hired by counsel; and

    v.    Witnesses and prospective witnesses, but only to the extent counsel deems disclosure of the CONFIDENTIAL information necessary for the witness to prepare for or give testimony regarding the facts at issue in this action or to assist counsel in conducting the litigation of this action. As to persons authorized to view CONFIDENTIAL information under this subsection 3(b)(v), counsel must at all times retain physical custody of the CONFIDENTIAL information unless consent to release the information is given by the Party that designated it CONFIDENTIAL.

    c.    The persons described in subsection 3(b) above may not retain copies of any CONFIDENTIAL information and must return all CONFIDENTIAL information in their possession and control to counsel of record from whom they received such information at the conclusion of the above-captioned action. Counsel of record for the party who provided

CONFIDENTIAL information to such persons shall be responsible for securing the return of the information and disposing of the information in accordance with the provisions of this Order.

      d.    Any person or entity who receives or is granted access to CONFIDENTIAL information or HIPAA Protected Health Information under this Protective Order, including, but not limited to, the Parties, shall exercise due care with respect to storage, custody and use of such information in order to maintain its confidentiality, and shall not give, show, make available, or otherwise communicate the information in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Protective Order or for a purpose other than in the present action or specific proceeding. CONFIDENTIAL information received by any authorized person (as described above) is to be used only for the purposes of litigating this action and for no other purpose.

4.    Any Party may within thirty (30) days of entry of this Order by the Court designate any materials already produced to or exchanged with the other Party as CONFIDENTIAL. This must be done in writing and by placing an inscription or stamp reading "CONFIDENTIAL" on the document or specific pages containing the information for which protection is sought.

5.    If, through inadvertence, a Party produces confidential information without designating it as CONFIDENTIAL, the Party may, as soon as reasonably practical, inform the other Parties of the inadvertent production and provide to the other Parties a substitute copy of the document or information bearing the CONFIDENTIAL designation; the Parties will return or destroy any copies of the document or information that does not bear the CONFIDENTIAL DESIGNATION. To the extent that any Party has already disclosed such information, that Party should promptly notify the designating Party, identifying the specific recipients of such

information, and should take all reasonable steps to reclaim such information from said recipients unless they are otherwise entitled to disclosure under this Protective Order.

6. If any information designated CONFIDENTIAL is disclosed to any unauthorized person, or other than in the manner prescribed in this Protective Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the designating Party and, without prejudice to any other rights and remedies of the Parties, make every effort to prevent further disclosure by it or the recipient of such information.

7. No person or Party may directly or indirectly utilize or disclose any CONFIDENTIAL information or HIPAA Protected Health Information for any purpose other than the litigation of this action, including any appeals or retrials thereof. Such utilization or disclosure must be in compliance with this Protective Order.

8. Before filing with the Court any document containing or consisting of CONFIDENTIAL information (including but not limited to pleadings, briefs, memoranda, depositions, and exhibits), a Party should confer with counsel for the Party that so designated the information about how it should be filed. If the Party that designated the information as CONFIDENTIAL desires that the document be filed under seal, then the filing Party must do so in accordance with the Federal Rules of Civil Procedure, with proper notice served upon the designating Party. Only those portions of the document containing CONFIDENTIAL information must be filed under seal. If at all possible, any HIPAA Protected Health Information should not be filed in the public Court record. If the filing of such information is unavoidable, the information must be sealed and only that information necessary should be filed.

9. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of the competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

10. The Parties and their counsel should inform all witnesses, consultants, employees, agents, court reporters, and anyone else with access to CONFIDENTIAL information of the substance of this Protective Order.

11. Acceptance or receipt by any Party of CONFIDENTIAL information, or information not so designated, does not constitute a concession that the information is properly designated or not designated. If any Party disagrees with the designation of certain information as CONFIDENTIAL, the Party should first attempt to resolve such a dispute on an informal basis through consultation with counsel. If counsel cannot reach an informal agreement, the Party opposing the designation may present the dispute to the Court by motion, but all designations are to remain in place pursuant to the terms of this Protective Order until the Court rules on the motion or the Parties so agree. In the resolution of such matter, the burden of establishing confidentiality is to be on the Party who made the designation. Notwithstanding the designation

7

or non-designation of any information as CONFIDENTIAL, the Parties reserve their right to seek relief regarding information that they believe was illegally obtained, including but not limited to the return of the information and damages for misappropriation or unauthorized use.

12. Each Party shall maintain a log of persons described in Paragraphs 3(a)(i)-(v) above, who have reviewed CONFIDENTIAL information and the date the information was reviewed, and shall provide the other Party with a copy of said log within five (5) business days of written request, along with a copy of the written Declaration executed by each person, where applicable. If a Party has shown CONFIDENTIAL information to a consulting expert that the Party is not required to disclose under Rule 26(a)(2) of the Federal Rules of Civil Procedure, the Party may redact the log and Declaration to conceal such expert's identity, unless the Court orders disclosure thereof.

13. This Protective Order does not prejudice the right of any Party to oppose production of any information on grounds other than confidentiality, including the attorney-client and work-product privileges.

14. This Protective Order does not prevent any Party from applying to the Court for additional protective orders or relief herefrom, or from agreeing with the other Parties to modify or vacate this Order, subject to the approval of the Court.

15. Within thirty (30) days of the conclusion of this action, including any appeals, all information designated as CONFIDENTIAL, and all copies thereof, should be destroyed by all Parties, except that counsel for each Party may keep copies of pleadings and correspondence used in the litigation of this action, and any attachments and exhibits thereto, in a secure storage area subject to the terms of this Protective Order. Within twenty-four (24) hours of destruction, each Party must confirm such destruction in writing to the designating Party. The provisions of

this Protective Order, insofar as they restrict the disclosure, communication, and use of CONFIDENTIAL and information produced hereunder, will continue to be binding after the conclusion of this action.

16. Upon the conclusion of this action, all Parties must either destroy or return any HIPAA Protected Health Information, including all copies, to the covered entity, which in this action means at least Kight's Medical.

17. A Party's inadvertent disclosure or production of material subject to the attorney-client privilege or the work product doctrine does not constitute a waiver of privilege. Any Party to whom such privileged material has been inadvertently produced should return such material to the Party that produced it as soon as possible and in accordance with Federal Rules of Civil Procedure 26 and 37(e) and Federal Rule of Evidence 502, either upon demand or immediately upon recognizing that production of the material was inadvertent, whichever occurs first.

18. Nothing in this Protective Order prevents or limits a Party who has designated information as CONFIDENTIAL from releasing such information, in writing and without a Court order.

19. Any Party to this action may file a motion requesting that the Court sanction or hold in contempt of Court anyone who violates the terms of this Protective Order.

This the __22ND__ day of November, 2013.

                                                LOUISE W. FLANAGAN
                                              UNITED STATES DISTRICT JUDGE

WE JOIN

| **SHANAHAN LAW GROUP, PLLC** | **MANNING, FULTON & SKINNER P.A.** |
|---|---|
| By: _/s/ Christopher S. Battles_ | By: _/s/ Kristen G. Lingo_ |
| Kieran J. Shanahan, NCSB # 13329<br>John E. Branch III, NCSB # 32598<br>Christopher S. Battles, NCSB # 42682<br>128 E. Hargett Street, Third Floor<br>Raleigh, NC 27601<br>Phone: (919) 856-9494<br>Fax: (919) 856-9499<br>kieran@shanahanlawgroup.com<br>jbranch@shanahanlawgroup.com<br>cbattles@shanahanlawgroup.com<br><br>*Attorneys for Defendants* | Kristen G. Lingo<br>Michael T. Medford<br>William S. Cherry, III<br>3605 Glenwood Avenue<br>Suite 500<br>P.O. Box 20389<br>Raleigh, NC 27619<br><br>*Attorneys for Plaintiff* |

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:12-CV-592**

| | |
|---|---|
| HEATHER SULLIVAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KIGHT'S MEDICAL CORP. and JOHN A. KIGHT, | ) |
| | ) |
| Defendants. | ) |

**DECLARATION**

**OF**

_____

1. My name is _____. I have personal knowledge of the facts set forth in this Declaration, and if called and sworn as a witness, I will testify competently to those facts.

2. I live at _____.

3. I am employed as (state position) _____
_____.

4. The full name and address of my employer is _____
_____.

5. I am aware that a Joint Protective Order ("Protective Order") has been entered in the above-captioned action pending in United States District Court ("Court"). A copy of that Protective Order has been given to me, and I have carefully reviewed its terms and conditions.

6. I agree that the facts, opinions, documents, and tangible things ("information") designated as CONFIDENTIAL are subject to the terms of the Protective Order, and I agree to comply with and be bound by the terms of that Order.

7. Without limiting the foregoing, I agree that I will not disclose or discuss any CONFIDENTIAL information except as permitted by the Protective Order.

8. I agree to use CONFIDENTIAL information solely in connection with my participation in this action, and for no other purpose.

9. I am aware that contempt sanctions may be entered against me for violating the Protective Order.

10. I agree to waive any objections to the exercise of personal jurisdiction over me by the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing declaration is true and correct.

This _____ day of _____, 20\_\_\_.

_____
Signature

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:12-CV-592**

| | |
|---|---|
| HEATHER SULLIVAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KIGHT'S MEDICAL CORP. and JOHN A. KIGHT, | ) |
| | ) |
| Defendants. | ) |

**DECLARATION**

**OF**

_____

1. My name is _____. I have personal knowledge of the facts set forth in this Declaration, and if called and sworn as a witness, I will testify competently to those facts.

2. This statement is submitted in support of my request for access to materials pursuant to the Joint Protective Order ("Protective Order") in the above-captioned action.

3. I have been retained by _____, a party to this action, as a consultant or expert witness. My title is _____, and my employer is _____.

4. My professional relationship with the party for whom I am retained in this action is strictly as a consultant on issues relevant to these proceedings.

5. I have attached the following information:

   a. A current resume describing my education and employment history;

   b. A list of all clients for whom I have performed work within the two years prior to the date of this statement, including a brief description of the work I performed;

   c. A description of any work that my employer has performed for any party to this action within the two years prior to the date of this statement; and

   d. A description of any financial interest that my spouse, my immediate family, or I have in any entity that is an interested party in this action or whose CONFIDENTIAL information I will review.

6. I am aware that a Joint Protective Order ("Protective Order") has been entered in the above-captioned action pending in United States District Court ("Court"). A copy of that Protective Order has been given to me, and I have carefully reviewed its terms and conditions.

7. I agree that the facts, opinions, documents, and tangible things ("information") designated as CONFIDENTIAL are subject to the terms of the Protective Order, and I agree to comply with and be bound by the terms of that Order.

8. Without limiting the foregoing, I agree that I will not disclose or discuss any CONFIDENTIAL information except as permitted by the Protective Order.

9. I agree to use CONFIDENTIAL information solely in connection with my participation in this action, and for no other purpose.

10. I am aware that contempt sanctions may be entered against me for violating the Protective Order.

11. I agree to waive any objections to the exercise of personal jurisdiction over me by the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing declaration is true and correct.

This _____ day of _____, 20\_\_\_.

_____
Signature